Paul W. Reidl, # 155221
Law Office of Paul W. Reidl
3300 Wycliffe Drive
Modesto, California 95355
Telephone: (209) 526-1586
reidl@sbcglobal.net

Attorney for Plaintiff
E. & J. Gallo Winery

(SPACE BELOW FOR FILING STAMP ONLY)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **E. & J. GALLO WINERY**, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>**THE SPANISH TABLE, INC.**, a Washington Corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR**<br><br>**FEDERAL TRADEMARK INFRINGEMENT, FEDERAL TRADEMARK DILUTION, STATE TRADEMARK INFRINGEMENT, STATE TRADEMARK DILUTION, STATE UNFAIR COMPETITION, and UNJUST ENRICHMENT** |

Plaintiff E. & J. Gallo Winery for its complaint against Defendant The Spanish Table, Inc., alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action seeking injunctive relief for federal trademark infringement under 15 U.S.C. §§ 1051 *et seq.*, state trademark infringement under California Business and Professions Code § 14200 *et seq*, federal trademark dilution under 15 U.S.C. § 1125 (c), state trademark dilution under California Business and Professions Code § 14200 *et seq.*, unfair competition under California Business and Professions Code § 17200, and unjust enrichment.

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338 (b) and 1332, and the doctrine of supplementary jurisdiction. Acts giving rise to the claims asserted herein have occurred and will occur in this District. Venue properly lies within this District pursuant to 28 U.S.C. §1391.

## PARTIES

3. Plaintiff E. & J. Gallo Winery ("Gallo") is a California corporation with its principal place of business in Modesto, California. Its products are sold, advertised and distributed throughout this District. The injury described herein has occurred and will occur in this District.

4. Defendant The Spanish Table, Inc. ("Defendant") is a Washington corporation having its principal place of business in Seattle, Washington. Defendant has solicited business from, and promoted and sold goods to residents of this District.

## CLAIM ONE

### (Federal Trademark Infringement)

5. Gallo owns all rights in and to, among others, the federal trademark registrations listed below, each of which is valid and subsisting, incontestable, uncancelled and unrevoked.

| TRADEMARK | REG. NO. | ISSUE DATE | GOODS |
| --- | --- | --- | --- |
| GALLO | 444,756 | 3/24/53 | Wines |
| ERNEST & JULIO GALLO | 778,837 | 10/20/64 | Wines |
| GALLO | 887,959 | 03/17/70 | Meats/cheese |
| GALLO | 891,339 | 5/19/70 | Wines and Champagnes |
| GALLO | 1,319,587 | 02/12/85 | Meats/cheese |
| GALLO | 1,650,478 | 7/09/91 | Corkscrews |
| JULIO R. GALLO | 1,813,967 | 12/28/93 | Wines |
| ERNEST GALLO | 1,815,078 | 1/4/94 | Wines |

Complaint for Federal Trademark Infringement, Federal Trademark Dilution, State Trademark Infringement, State Trademark Dilution, State Unfair Competition and Unjust Enrichment

| TRADEMARK | REG. NO. | ISSUE DATE | GOODS |
|---|---|---|---|
| GALLO SONOMA | 1,911,682 | 8/15/95 | Wines |
| GALLO OF SONOMA | 2,231,215 | 3/9/99 | Wines |
| GALLO | 2,320,063 | 2/20/00 | Clothing |

6. Gallo first began using the GALLO trademark in 1933 when Ernest Gallo and Julio Gallo founded the company. The GALLO trademark has been used continuously since that time. Gallo has sold billions of bottles of wine throughout the United States bearing the GALLO trademark and has spent over $600,000,000 promoting it. Goods bearing the GALLO trademark are sold and promoted to consumers nationwide. The GALLO trademark has a high degree of consumer recognition and in the United States stands exclusively for goods made or licensed by Gallo. Courts have held without exception that the GALLO trademark is extraordinarily strong and distinctive and is entitled to the broadest possible protection.[1]

7. The term "Gallo" means "rooster" in Italian and, for many years, Gallo has used roosters in its logo. Both its corporate crest and its "two roosters" logo prominently feature roosters. These logos are registered trademarks of Gallo:

| TRADEMARK | REG. NO. | ISSUE DATE | GOODS |
|---|---|---|---|
| GALLO CREST | 964,331 | 7/17/73 | Wines |
| TWO ROOSTERS | 2,159,050 | 5/19/98 | Wines |
| GALLO and DESIGN | 3,128,127 | 8/8/06 | Wines |

8. Gallo has vigorously protected its trademark against third party infringement and dilution and has stopped others from using its marks on a wide variety of goods and services, including: habanero sauce, salsa, beer, mezcal, cheese, wine, rice, coffee bags, shoes, sportswear, t-shirts, caps, bar towels, tote bags, jeans, jackets, canned vegetables, pasta, pickled jalapeño peppers, garlic butter, olive oil, dinnerware, tobacco products, toys, potato chips, hosiery, ties and related

---

[1] Those cases include *E. & J. Gallo Winery v. Spider Webs Ltd.*, 129 F.Supp. 2d 1033 (S.D. Tex. 2001), *affirmed,* 286 F.3d 270 (5th Cir. 2002); *E. & J. Gallo Winery v. Pasatiempos Gallo, S.A.*, 905 F.Supp. 1403 (E.D. Cal. 1994); *E. & J. Gallo Winery v. Consorzio del Gallo Nero*, 782 F.Supp. 457 (N.D. Cal. 1991); *E. & J. Gallo Winery v. Gallo Cattle Company*, 12 U.S.P.Q.2d 1657 (E.D. Cal. 1989), *affirmed,* 967 F.2d 1280 (9th Cir. 1992).

Complaint for Federal Trademark Infringement, Federal Trademark Dilution, State Trademark Infringement, State Trademark Dilution, State Unfair Competition and Unjust Enrichment

1  products, the naming of thoroughbred race horses, playing cards, board games, confetti, poker chips,
2  compact discs, stereo equipment, drafting tables, women's coats, men's hats, polo shirts, cigars,
3  ceramics, veterinary products, sauces, socks and scarves, pasta, and as domain names for web sites.
4  That enforcement program has preserved the effectively exclusive connection between the GALLO
5  trademark and Gallo.

6      9.    Defendant owns retail stores in Seattle, Washington; Sante Fe, New Mexico; Berkeley,
7  California; and Mill Valley, California. It also operates a web site, www.spanishtable.com. It sells
8  food products, wine and other beverages, kitchen supplies, cookbooks, and similar goods to
9  consumers in its retail stores, via mail order from its retail stores, and via mail order from and through
10  its web site. Its goods are available for purchase by everyone, including persons residing in this
11  District. Defendant has satisfied orders from and sold goods to persons in this District.

12      10.    Defendant imports and sells pasta bearing the trademark GALLO. A photograph of
13  this product is annexed as Exhibit 1 to this Complaint. This pasta is made by a company in Spain. In
14  1984, in response to a cease and desist letter from Gallo, the Spanish producer agreed not to sell pasta
15  bearing the trademark GALLO in the United States. In 1994, the Spanish producer asked GALLO to
16  consent to its sales of pasta bearing the trademark GALLO in the United States. Gallo refused. In
17  1995, in response to a cease and desist letter from Gallo, the Spanish producer also agreed to cease
18  and desist sales of pasta bearing the trademark GALLO in the Commonwealth of Puerto Rico.

19      11.    Defendant began selling pasta bearing the trademark GALLO without authorization
20  from Gallo. This unauthorized use of the GALLO trademark by Defendant creates a likelihood of
21  confusion with Gallo's marks and products and constitutes an infringement of Gallo's trademark
22  rights under 15 U.S.C. §§ 1114 *et seq.*

23      12.    Defendant's infringing conduct is willful, intentional, deliberate, and in bad faith. On
24  information and belief, Defendant did not seek the advice of trademark counsel prior to beginning use
25  of the GALLO trademark on pasta. When Gallo objected in writing to Defendant's use of the
26  GALLO trademark on pasta, Defendant asserted that continuing to use the GALLO trademark was
27  "important[t] to our reputation" and it refused to cease and desist.
28

4

Complaint for Federal Trademark Infringement, Federal Trademark Dilution, State Trademark Infringement,
State Trademark Dilution, State Unfair Competition and Unjust Enrichment

WHEREFORE, Gallo prays for relief as set forth below.

## CLAIM TWO

### (California Trademark Infringement)

13. Gallo realleges and incorporates by reference the allegations of paragraphs 1 through 12.

14. Gallo owns all rights in and to the California trademark registrations listed below.

| MARK | NUMBER | DATE | GOODS |
| --- | --- | --- | --- |
| GALLO | 28047 | 02/07/46 | Wines |
| ERNEST & JULIO GALLO | 97828 | 07/16/93 | Wines |
| GALLO SONOMA | 99242 | 08/10/94 | Wines |

15. Gallo first used the registered trademark in California in 1933 and has used it continuously in California since that time.

16. Defendant's unauthorized use of the GALLO mark creates a likelihood of confusion with Gallo's marks and products and constitutes an infringement of Gallo's trademark rights under California Business and Professions Code § 14200 *et seq*.

WHEREFORE, Gallo prays for relief as set forth below.

## CLAIM THREE

### (Federal Trademark Dilution)

17. Gallo realleges and incorporates by reference the allegations of paragraphs 1 through 16.

18. The GALLO trademark was strong, distinctive and famous long before Defendant adopted it. Gallo has used the GALLO trademark for over 75 years and has spent over $600,000,000 promoting it. The GALLO trademark is widely known. Wines and other goods bearing the GALLO trademark have been sold for decades in all retail channels where the can be sold lawfully. The GALLO brand stands uniquely for goods produced or licensed by Gallo.

5

Complaint for Federal Trademark Infringement, Federal Trademark Dilution, State Trademark Infringement,
State Trademark Dilution, State Unfair Competition and Unjust Enrichment

19. Defendant's mark is identical to Gallo's famous GALLO trademark. Defendant is attempting, plans, and intends to create consumer identification of the term "Gallo" for pasta. Defendant's use of the GALLO trademark in this manner dilutes the distinctive quality of the GALLO trademark and is therefore a violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125 (c). It causes Gallo to lose control of the manner in which its famous trademark is promoted and is directly contrary to Gallo's promotional efforts. It also creates in the minds of consumers the impression and understanding that there are now two GALLO brands, one for wine and another for Defendant's pasta, where for over seventy five years there has only been one.

WHEREFORE, Gallo prays for relief as set forth below.

## **CLAIM FOUR**

### **(State Trademark Dilution)**

20. Gallo realleges and incorporates by reference the allegations of paragraphs 1 through 19.

21. Defendant's use of a GALLO trademark dilutes the distinctive quality of the GALLO trademark and is therefore a violation of California Business and Professions Code § 14200 *et seq*.

WHEREFORE, Gallo prays for relief as set forth below.

## **CLAIM FIVE**

### **(California Unfair Competition)**

22. Gallo realleges and incorporates by reference the allegations of paragraphs 1 through 21.

23. Defendant's use of a GALLO trademark constitutes unfair competition under California Business and Professions Code Section § 17200.

WHEREFORE, Gallo prays for relief as set forth below.

## **CLAIM TWELVE**

### **(Unjust Enrichment)**

24. Gallo realleges and incorporates by reference the allegations of paragraphs 1 through 23.

Complaint for Federal Trademark Infringement, Federal Trademark Dilution, State Trademark Infringement, State Trademark Dilution, State Unfair Competition and Unjust Enrichment

25. As a result of the conduct of Defendant, it has been unjustly enriched at the expense of Gallo and the law thereby implies a contract by which the Defendant must pay to Gallo the amount by which, in equity and good conscience, the Defendant has been unjustly enriched at the expense of Gallo.

WHEREFORE, Gallo seeks judgment against the Defendants as follows:

1. An injunction against Defendant enjoining any further infringement of Gallo's trademark in the United States;

2. An injunction against Defendant enjoining further dilution of Gallo's trademark in the United States;

3. An injunction against Defendant enjoining any further acts of unfair competition with Gallo in the United States.

4. An award in the amount by which Defendant has been unjustly enriched;

5. Costs of suit, including Gallo's reasonable attorneys' fees; and

6. Such further relief as this Court deems just.


Dated: April 13, 2009                                LAW OFFICE OF PAUL W. REIDL


                                                     By:       /PAUL W. REIDL/
                                                              Paul W. Reidl
                                                              Attorney for Plaintiff
                                                              E. & J. Gallo Winery

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

**to**

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FEDERAL TRADEMARK DILUTION, STATE TRADEMARK INFRINGEMENT, STATE TRADEMARK DILUTION, STATE UNFAIR COMPETITION, and UNJUST ENRICHMENT**



8

Complaint for Federal Trademark Infringement, Federal Trademark Dilution, State Trademark Infringement, State Trademark Dilution, State Unfair Competition and Unjust Enrichment